UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ARLITA J. HALL,

                Plaintiff,

    -v-

FREDERICK K. HALL,

                Defendant.

_____

FREDERICK K. HALL,                            DECISION AND ORDER

                Third-Party Plaintiff,
    -v-                                                   06-CV-6514 CJS

CORNING BENEFITS NETWORK,
CORNING, INC.,

                Third-Party Defendants.

_____

APPEARANCES

For Plaintiff:                       Allan G. Charlap, Esq.
                                         315 Lake Street, Suite A
                                         Elmira, New York 14901

For Defendant Third-Party
Plaintiff:                       Daniel Pratt Gerwig, Esq.
                                         135 Cedar Street
                                         Corning, New York 14830

For Third-Party Defendant

| | |
|---|---|
| Corning Benefits Network: | Kay Kyungsun Yu, Esq.<br>Richard M. Weibley, Esq.<br>Pepper Hamilton LLP<br>3000 Two Logan Square<br>Philadelphia, Pennsylvania 19103-2799 |
| | Michael R. Wolford, Esq.<br>Wolford & LeClair LLP<br>600 Reynolds Arcade<br>16 East Main Street<br>Rochester, New York 14614 |
| For Third-Party Defendant<br>Corning Inc.: | Conrad R. Wolan, Esq.<br>Sayles & Evans<br>One West Church Street<br>Elmira, New York 14901 |

INTRODUCTION

This is an action in which an ERISA[1] plan participant, third-party plaintiff Frederick K. Hall ("Mr. Hall"), is alleging state-law causes of action for breach of contract and negligence against his employer, Corning, Inc. ("Corning") and the employer's investment plan, Corning Benefits Network ("Corning Benefits"), on the grounds that the plan wrongfully transferred part of his investment account to his ex-wife, plaintiff Arlita J. Hall ("Mrs. Hall"). Now before the Court are two motions [#3][#4] to dismiss by the third-party defendants. For the reasons that follow, the applications are granted and this action is dismissed.

BACKGROUND

Mr. Hall became employed by Corning in 1967 and accrued money in an investment

---

[1] The Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*.

account during his employment. In 1992, Mr. Hall and Mrs. Hall were married. In June 2001 the Halls were divorced, after less than ten years of marriage. According to the Divorce Decree, issued by New York State Supreme Court, Steuben County, Mrs. Hall was to receive "a fifty percent (50%) share in the pension and retirement benefits of [Mr. Hall] *accrued during the course of the marriage* which shall be distributed by Qualified Domestic Relations Order ["QDRO"]." Accordingly, the total amount to which Mrs. Hall was entitled was $4,343.20. (Emphasis added). Subsequent to entry of the Divorce Decree, Mrs. Hall's attorney submitted to the matrimonial court a proposed QDRO which Mr. Hall had neither seen nor approved. The court entered the QDRO, but unfortunately, the QDRO mistakenly indicated that Mrs. Hall was to receive half of *all* of Mr. Hall's pension and retirement benefits, instead of just those accrued during the course of the marriage. Mrs. Hall's attorney submitted the QDRO to Corning Benefits, which immediately processed the QDRO and placed half of Mr. Hall's entire investment account, amounting to $143,497.58, in a separate account in Mrs. Hall's name. In this regard, Mr. Hall contends that Corning Benefits violated its own policies, by failing to first obtain his approval.

The new account which Corning Benefits created for Mrs. Hall was invested in the same securities as Mr. Hall's account. Upon learning of the mistake in the QDRO, Mr. Hall obtained an "Order to Show Cause" from the matrimonial court, directing Corning Benefits "to freeze the account created for [Mrs. Hall] with [Mr. Hall's] funds." (Complaint ¶ 17). Subsequently, however, Mrs. Hall "re-allocated" the money in her account into a different, more conservative, investment vehicle offered by Corning Benefits, called a "Stable Value Account." Mrs. Hall retained possession of the funds for approximately one year while the

3

attorneys worked on a new proposed QDRO.  The matrimonial court eventually entered an amended QDRO, which directed Corning Benefits to return all but $4,343.20 to Mr. Hall's account.  However, by that time, the portion of Mr. Hall's account that had erroneously been paid to Mrs. Hall was worth $83,592.55 less than the half that Mr. Hall had retained.  The difference in value was due to the fact that Mrs. Hall had placed "her" half of the funds in a "less risky" fund which did not increase in value as much as the more aggressive fund in which Mr. Hall kept "his" half of the monies.[2]

Mr. Hall commenced the instant third-party action against Corning, Inc., in the context of the state matrimonial proceeding.  The third-party complaint alleges causes of action for negligence and breach of contract.  Corning moved for summary judgment, and the matrimonial court granted partial summary judgment, finding that neither Corning nor Mrs. Hall had violated the Order to Show Cause.  However, the matrimonial court denied summary judgment on the claim that Corning improperly processed the QDRO, and it permitted Mr. Hall to amend the complaint to add Corning Benefits as a defendant.

Corning Benefits removed the action to federal court on October 16, 2006, and both third-party defendants almost immediately filed the subject motions [#3][#4] to dismiss.  Corning and Corning Benefits contend that the third-party complaint must be dismissed because Mr. Hall's claims are preempted by ERISA.  They also maintain that pursuant to the "law of the case" doctrine, plaintiff is estopped from claiming that they violated the

---

[2]If, as Mr. Hall's attorney indicated during oral argument, it took almost a year for the attorneys to prepare and submit an amended QDRO after learning of the mistake, which is the period during which Mr. Hall's damages purportedly accrued, it is unclear how Corning Benefits' mistake, which could have been remedied sooner if not immediately, proximately caused Mr. Hall's injury.

4

matrimonial court's Order to Show Cause, since that court already ruled that they did not. On December 20, 2006, this Court issued a Motion Scheduling Order [#5]. On January 22, 2007, Mr. Hall filed opposition papers, in which he contends that, pursuant to Federal Rule of Civil Procedure 56(f), he should be entitled to conduct discovery before responding to defendants' motions. In that regard, he indicates that he believes that he can state a claim under ERISA if Corning Benefits violated its procedures, but that he "must be afforded the opportunity to conduct discovery to ascertain exactly what procedures [Corning Benefits] had in place, and then to determine how they deviated from those procedures in order to be prepared to defend the instant applications before this court." (Gerwig Affirmation [#7] ¶ 21). Significantly, Mr. Hall's papers do not dispute that his negligence and breach of contract claims are preempted by ERISA, or that his claim involving the Order to Show Cause is barred by the law of the case.

Counsel for Mr. Hall, Corning Benefits, and Corning, Inc., appeared before the undersigned for oral argument on April 12, 2007. The Court has thoroughly considered the parties' submissions and the comments of counsel.

## ANALYSIS

The Third-Party Defendants have moved to dismiss the Complaint pursuant to Rule 12(b) (6).[3] It is well settled that in determining a motion under Fed. R. Civ. P. 12(b)(6), a district court must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party. *Burnette v. Carothers*, 192 F.3d 52,

---

[3]Corning, Inc. moved to dismiss "for failure to state a claim," but incorrectly referred to Federal Rule of Procedure 12(c), instead of Rule 12(b)(6).

5

56 (1999), *cert. denied*, 531 U.S. 1052 (2000).  While the Court must accept as true a plaintiff's factual allegations, "[c]onclusory allegations of the legal status of the defendants' acts need not be accepted as true for the purposes of ruling on a motion to dismiss." *Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1092 (2d Cir. 1995)(*citing In re American Express Co. Shareholder Litig.*, 39 F.3d 395, 400-01 n. 3 (2d Cir.1994)).  The Court "may dismiss the complaint only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id*. (internal quotations omitted)(*citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

On a motion to dismiss pursuant to Rule 12(b)(6), the Court's "consideration is limited to the factual allegations in plaintiff['s] ... complaint, which are accepted as true, to documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. American Film Technologies, Inc.*, 987 F.2d 142, 150 (2d Cir.1993)(*citing Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47-48 (2d Cir.1991), *cert. denied*, 503 U.S. 960, 112 S.Ct. 1561, 118 L.Ed.2d 208 (1992)).

Plaintiff has not responded to the merits of defendants' motion.  That is, he has not disputed that his claims for breach of contract and negligence are pre-empted by ERISA. *See, Critchlow v. First UNUM Life Ins. Co. of America*, 378 F.3d 246, 255 (2d Cir. 2004) ("ERISA preempts 'any and all State laws insofar as they may ... relate to any employee benefit plan' covered by ERISA.") (citing 29 U.S.C. § 1144(a)).  Nor has he disputed that his claims pertaining to defendants' alleged failure to obey the Order to Show Cause are

6

barred by law of the case. At most, Mr. Hall indicates that he might, at some future time, attempt to amend his complaint to state a claim under ERISA, based upon defendants' alleged failure to follow plan documents. In this regard, he refers to 29 U.S.C. § 1056(G)(i), which requires a plan to notify a participant when it receives a signed QDRO.[4] This intention, however, is contingent upon Mr. Hall being allowed to first conduct discovery to see if such a claim has factual support. Mr. Hall has not moved to amend the complaint.[5]

Mr. Hall's request to conduct discovery under Rule 56(f) is denied, as that relief is not available in connection with a Rule 12 motion to dismiss. *Dolan v. Roth*, 325 F.Supp.2d 122, 129 (N.D.N.Y. 2004) ("[B]ecause the State's motion is one for dismissal, not summary judgment a Rule 56(f) continuance is inapplicable.") (citation and internal quotation marks omitted), *aff'd in relevant part, reversed on other grounds*, 170 Fed.Appx. 743 (2d Cir. Mar 08, 2006) ("[T]he District Court did not abuse its discretion in denying Dolan's discovery request pursuant to Rule 56(f)."); *Sivadel v. City of New York*, No. 04 Civ. 2113(SHS), 2004 WL 1752606 at *3 (S.D.N.Y. Aug. 4, 2004) ("Fed.R.Civ.P. 56(f) . . . is applicable to motions for summary judgment and not motions to dismiss a complaint pursuant to Fed.R.Civ.P. 12(b)(6).") (citations omitted). Consequently, the third-party defendants' motions must be granted, since Mr. Hall's only claims against them are state law claims for negligence and breach of contract that are admittedly pre-empted by ERISA.

---

[4] At oral argument, Mr. Hall's counsel indicated that he thought Mr. Hall "has an ERISA claim," though he has not presently pled an ERISA cause of action.

[5] The Court is mindful that, "[a]s a matter of procedure, when a complaint is dismissed pursuant to Rule 12(b)(6) and the plaintiff requests permission to file an amended complaint, that request should ordinarily be granted." *Ricciuti v. N.Y.C. Transit Authority*, 941 F.2d 119, 123 (2d Cir. 1991) (citation omitted).

CONCLUSION

The Third-party defendants' motions to dismiss the third-party complaint [#3][#4] are granted and the third-party complaint is dismissed with prejudice. The remainder of this action, consisting of the original state-law claims between Mrs. Hall and Mr. Hall, is dismissed without prejudice, pursuant to 28 U.S.C. § 1367(c). The Clerk of the Court is directed to close this case.

So Ordered.

Dated: Rochester, New York
April 17, 2007

ENTER:


 /s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge